# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09-CV-428-H

**CONNIE MARSHALL**                                                   **PLAINTIFF**

**v.**

**DAVID HUBER** *et al.*                                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action against United States Attorney David Huber; the Department of Justice; Governor Steve Beshear; the Commonwealth of Kentucky; FBI agent Mr. Cox; the Federal Bureau of Investigations, Louisville, Kentucky; Chief White of the Louisville Metro Police Department; the Louisville Metro Police Department; Mayor Jerry Abramson; the Jefferson County Mayor's Office; Kentucky State Police Commissioner Rodney Brewer; the Kentucky State Police; Sheriff Aubrey; the Jefferson County Sheriff's Office; the Jefferson County Attorney's Office; and Mike O'Connell.  Plaintiff alleges that these defendants "have participated in the following: 'REDLINING' and making FALSE CLAIMS AND DEFAMATION SLANDER regarding Ms. Marshall's [mental] health."

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. Slander and defamation are state law causes of action. "'Redlining' is defined as the refusal to issue insurance policies to certain persons or groups

because they live or are located in an area predominantly inhabited by persons of a particular ethnicity, income level, and/or marital status." *Bazzone v. Nationwide Mut.*, 123 F. App'x 503, 504 (3d Cir. 2005). Plaintiff's complaint is devoid of any factual allegations that would establish that any of the defendants engaged in "redlining" in relation to Plaintiff or are even in a position to do so.

Additionally, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship. *See* 28 U.S.C. § 1332. To the contrary, Plaintiff and the majority of Defendants appear to be Kentucky citizens.

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc:     Plaintiff, *pro se*

4412.008